CHARLES W. RYDER *vs.* REUBEN R. BAKER & another, trustees.

SAME *vs.* BAKER YACHT BASIN, INC.

Suffolk.   March 22, 1927. — May 20, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Bills and Notes*, Alteration.  *Estoppel.*

At the trial of an action against accommodation indorsers upon a negotiable promissory note of a corporation payable to an individual and dated in 1923, it appeared that the payee of the note until 1921 had been the manager of the corporation; that the defendants in 1918 had indorsed a note payable to a bank in the same amount as that sued on and that the corporation's manager then was instructed to take the note to the bank for discount; that the bank had refused to discount the note and that the defendants did not know what became of it. One of the defendants testified that in 1923 he was shown the note in suit; that it had been altered by change of the name of the payee, change of date, and in other ways; that he then stated that the note was spurious; that later a trust company had called his attention to the note and that, knowing that some one was trying to negotiate it, he had said that it was not the note of the corporation, although he did not inform the trust company of the details of the changes in the note; and that two months after the plaintiff had purchased the note, he told the plaintiff's brother merely that he "did not sign that note." The jury found for the defendants. *Held*, that

(1) The defendants were not obliged to point out the particular alterations in the note and their conduct did not estop them from denying its validity;

(2) There was no evidence of any negligence on the part of the defendants sufficient to allow the plaintiff to recover on the altered note.

TWO ACTIONS OF CONTRACT upon a promissory note for $15,000, made by the defendant in the second action and indorsed by the defendants in the first action, payable to the order of Alfred H. Borden at The National Mount Wollaston Bank of Quincy. Writs dated November 20 and November 21, 1923, respectively.

In the Superior Court, the actions were tried together before *Whiting*, J. Material evidence and rulings by the judge are stated in the opinion. The jury found for the

defendants in both actions.　The judge reported the actions to this court for determination.

*E. R. Anderson & R. B. Owen,* for the plaintiff.

*J. E. Hannigan,* (*M. L. Orlov* with him,) for the defendants.

CARROLL, J.　These are actions on an alleged promissory note purporting to have been signed by the defendant corporation and indorsed by the individual defendants.

It appeared that, in January, 1918, the defendant corporation had signed and the individual defendants had indorsed a note for $15,000 payable to The National Mount Wollaston Bank of Quincy.　There was evidence that Borden, the manager of the defendant corporation, was instructed to take the note to The National Mount Wollaston Bank for discount, and that the bank refused to discount it.　The defendants testified they did not know what became of the note. Borden continued in the employ of the defendant corporation until January, 1921.　Lorenzo D. Baker testified that in July, 1923, one Fickett showed him the note; that it had then been altered: the name Alfred H. Borden was substituted for The National Mount Wollaston Bank of Quincy as payee, the words "with interest" had been added, as were the words "or at any bank," and, when he signed it, the note did not bear the date June 25, 1923; that when the altered note was presented to him in July, 1923, by Fickett he (Baker) stated that the note was a spurious note; that in the summer of 1923, his attention was again called to the note at the Quincy Trust Company and a copy of it was presented to him; that he said it was not the note of the Baker Yacht Basin, Inc.; and that he knew at this time that someone was trying to negotiate the note.　Baker further testified that he did not inform the Quincy Trust Company about the changes in the note or of the attempt to discount it with The National Mount Wollaston Bank; that he did not tell Fickett about the changes in the note; that he stated to Fickett that "it was not their note" and he did not sign it; that when he saw the plaintiff's brother, Robert L. Ryder, in November, 1923, "all he said to Ryder was that he did not sign that note."　The plaintiff purchased the note on September 7, 1923, before maturity according to the date appearing in the note as altered.

The plaintiff in each action asked for instructions in substance as follows, (those in the second action being here quoted and those in the first action being the same except for changes due to the differences in defendants): (1) "That if the defendant knew that the note in its present form was out and in circulation and it was informed that there was an attempt to negotiate previous to the time that the plaintiff purchased the said note, and the defendant did nothing to get the said note into its possession or to see to it that the same was not negotiated to the public, it is estopped to deny the validity of the said note in the hands of a *bona fide* holder for value"; (2) "If the defendant was informed in June or the early part of July, 1923, that the note in its present form was being presented to a bank for discount, and was being offered for that purpose in the community, and it did nothing but to deny that the signature upon the note was its own, or to deny that it was its note, and made no effort whatever to stop the circulation of the said note signed by it and indorsed by it to the public, that an innocent holder for value without notice of any defect in the said note can enforce the obligation of the said note against the defendant, and the defendant is estopped to deny the validity of the said note in the hands of the plaintiff"; and (3) "If the defendant knew that the note in its present form was being offered for discount in June or July of 1923, and it did nothing more than to state, through its treasurer, in substance that the note was not its note, that it did not sign it, and it knew that the writing on the said paper purporting to be a note was its authorized signature, and that the name of the defendant was signed thereto and was the actual signature of the defendant corporation, and did nothing further to attempt to get the said note into its possession, the defendant is liable to a *bona fide* holder for value without notice of any infirmity in the said note, upon the doctrine that where one of two innocent persons must suffer, that the one making it possible by his signature and acts that a fraud should be committed upon a third party, cannot be heard to say that they are not liable." The judge refused to grant these requests. The jury found for the defendants.

The note was materially altered and the plaintiff cannot recover from the defendants. *Andrew* v. *Sibley,* 220 Mass. 10. *Munroe* v. *Stanley,* 220 Mass. 438. When the defendant Baker's attention was called to the spurious note he denied its genuineness. The plaintiff had no direct communication with the defendants before the note was purchased; and although they knew that some one was attempting to negotiate the note, they had no knowledge that the plaintiff was intending to purchase it. The defendants were not estopped by their conduct. They were not obliged to point out the particular alterations in the note, nor did any estoppel arise because of the statement of Baker that "he did not sign it." As expressed in *Greenfield Bank* v. *Crafts,* 2 Allen, 269, 273, "No duty to disclaim or repudiate the paper is thereby imposed on him, and no absolute inference as to his liability thereon is to be drawn from a mere omission to disown or disavow the contract on which he is sought to be charged." In the cases at bar the defendants denied their liability. They stated that the paper was not genuine. They were not required to go into details or explain the fraudulent alterations in the paper. *Glidden* v. *Chamberlin,* 167 Mass. 486, 497. *Newton Centre Trust Co.* v. *Stuart,* 201 Mass. 288. Nor was there evidence of any negligence sufficient to allow the plaintiff to recover on the altered note.

*Exceptions overruled.*